UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WALKWELL INTERNATIONAL, INC., an Idaho corporation<br><br>Plaintiff,<br><br>vs.<br><br>DJO GLOBAL, INC., a Delaware corporation, and DOES 1-10,<br><br>Defendants. | Case No. 1:17-cv-00270-EJL-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Defendants' Motion to Dismiss Idaho State Law Claims and to Compel Arbitration. (Dkt. 9.) The parties filed responsive briefing and the motion is now ripe. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion shall be decided on the record before the Court without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Walkwell International, Inc. ("Walkwell") is an Idaho corporation that designs medical support devices. (Dkt. 1-4, Ex. D, Complaint, ¶ 1.) Defendant DJO Global, Inc. ("DJO") is a Delaware corporation with its principal place of business in Vista,

MEMORANDUM DECISION AND ORDER- 1

California. *Id.* at ¶ 2. DJO is the largest nonsurgical orthopedic rehabilitation device company in the United States. *Id.* at ¶ 12.

On February 14, 1997, Walkwell and Johnson & Johnson Professional, Inc. ("J&J") entered into a License Agreement. *Id.* at ¶ 4. Walkwell owned patents and a trademark relating to the "Dorsiwedge Night Splint" (the "splint"). *Id.* at ¶ 4-10. Pursuant to the Licensing Agreement, Walkwell licensed the splint patents and trademark for use by J&J. *Id.* at ¶ 4-10. In exchange for the exclusive license to produce and sell the splint, J&J agreed to pay certain royalties to Walkwell. J&J later transferred its interests, rights, and responsibilities under the License Agreement to DJO, who is the contractual successor to J&J with respect to the License Agreement. *Id.* at ¶ 11.

Pursuant to the License Agreement, J&J and then DJO manufactured and sold the splint, paying Walkwell royalties. *Id.* at ¶ 11-14. However, in 2015, Walkwell alleges that DJO violated the License Agreement when it stopped making royalty payments, but continued to manufacture and sell the split. *Id.* at ¶ 15.

On May 11, 2017, as a result of these alleged violations, Walkwell filed suit against DJO in the Fourth Judicial District of Idaho. (Dkt. 1-4, Ex. D, Complaint.) In its Complaint, Walkwell alleges trademark infringement under the Lanham Act and common law, patent infringement, and violations of the Idaho Consumer Protection Act (ICPA). (Dkt. 1-4, Ex. D, Complaint.) On June 27, 2017, DJO filed a Notice of Removal to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (Dkt. 1.) DJO removed the case based on this Court having federal question over the Lanham Act and patent claims and supplemental jurisdiction over the remaining claims. (Dkt. 1.)

MEMORANDUM DECISION AND ORDER- 2

On July 28, 2017, DJO filed its Motion to Dismiss Idaho State Law Claims and to Compel Arbitration. (Dkt. 9.) On August 16, 2017, Walkwell filed an Objection and Cross-Motion to Remand. (Dkt. 12.) The Motion is ripe for the Court's consideration and the Court finds as follows.

## STANDARD OF LAW

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a party's claim for relief. When considering such a motion, the Court's inquiry is whether the allegations in a pleading are sufficient under applicable pleading standards. Federal Rule of Civil Procedure 8(a) sets forth minimum pleading rules, requiring only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In general, a motion to dismiss will only be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted lawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citations omitted).

Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990), or where the allegations on their face "show that relief is barred for some legal reason." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

MEMORANDUM DECISION AND ORDER- 3

Although the Court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegations." *Twombly*, 550 U.S. at 555. Therefore, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Comm. Learning Cent., Inc.,* 590 F.3d 806, 811-12 (9th Cir. 2010)(citation omitted).

When ruling on a motion to dismiss, the court must normally convert a Rule 12(b)(6) motion into one for summary judgment under Rule 56 if the court considers evidence outside of the pleadings. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). However, a court may consider attachments to the complaint and documents referred to in the complaint, where the authenticity of such documents are not in question. *Cooper v. Pickett,* 137 F.3d 616, 622-23 (9th Cir. 1997) (citing *Branch v. Tunnel*, 14 F.3d 449, 453-54 (9th Cir. 1994)).

## DISCUSSION

Walkwell alleges DJO violated the Lanham Act and common law by infringing on its trademark, committed patent infringement, and violated the Idaho Consumer Protection Act (ICPA). (Dkt. 1.) DJO contends that Walkwell should be compelled to arbitrate these claims as the parties agreed in the Licensing Agreement. (Dkt. 9, 14.) DJO further contends that Walkwell's state law claims, brought under Idaho law, must be dismissed because the Licensing Agreement contains a choice of law provision in which the parties agreed that their relationship would be controlled by the law of New Jersey. (Dkt. 9, 14.)

In response to DJO's Motion, Walkwell argues that the Licensing Agreement's arbitration and choice of law provisions are unconscionable. Walkwell further argues that the case should be remanded to state court.

1.  **Remand is Not Appropriate.**

Walkwell asserts that removal was improper and the case should be remanded back to state court because the Court does not have exclusive jurisdiction over Walkwell's trademark claims under the Lanham Act; the state court has concurrent jurisdiction over these claims. (Dkt. 12.) DJO contends that Walkwell's Motion to Remand must be denied for four reasons: first, it is untimely; second, this Court has original and exclusive jurisdiction over Walkwell's patent infringement claim; third, this Court has supplemental jurisdiction over Walkwell's state law claims; and fourth, the existence of concurrent jurisdiction alone is not a basis for remand. (Dkt. 14.)

Federal court jurisdiction is limited by Congress and the Constitution, both of which provide the subject matter of cases that a federal court may adjudicate. *See Polo v. Innoventions International, LLC,* 833 F.3d 1193, 1195-96 (9th Cir. 2016). "State courts, by contrast are not so limited. As a result, federal and state courts frequently have concurrent jurisdiction over a given case." *Polo*, 833 F.3d at 1196 (internal citation omitted); *see Tafflin v. Levitt*, 493 U.S. 455, 458-60 (1990).

When concurrent jurisdiction exists, the plaintiff may choose the court system in which he files suit. *See id.* However, a defendant may remove a case, "bring[ing] to federal court a suit initially filed in state court—if the federal court could have exercised original jurisdiction in the first instance." *Id.* citing 28 U.S.C. § 1441(a), (b).

"If the removal suffers from procedural defects, the plaintiff is responsible for bringing those defendants to the attention of the district court in a timely motion to remand." *Id.* "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). If the removal suffers from timely raised defects or from a lack of subject matter jurisdiction raised at any time before a final judgment is entered, "the district court generally must remand the case to state court, rather than dismiss it." *Polo,* 833 F.3d at 1196 (citing *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)).

Walkwell's Motion to Remand is denied for two reasons: (1) it is untimely and (2) concurrent state jurisdiction is not grounds for remand.

First, DJO filed its Notice of Removal on June 27, 2017. (Dkt. 1.) Walkwell filed its Motion to Remand on August 16, 2017, more than 30 days thereafter. (Dkt. 12.) Because Walkwell does not allege that this Court does not have subject matter jurisdiction over this matter, the Motion is untimely.

Second, this Court has original jurisdiction over Walkwell's Lanham Act and patent infringement claims and supplemental jurisdiction over the remaining claims. Accordingly, the suit could be removed from state court on federal question grounds. A state court's concurrent jurisdiction does not prevent that removal, nor is it grounds for remand. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474 (1998) and *Destfino v. Kennedy*, 2008 WL 4901195, at *1 (E.D. Cal. Nov. 12, 2008), *aff'd sub nom. Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011).

MEMORANDUM DECISION AND ORDER- 6

## 2. Motion to Compel Arbitration

The Federal Arbitration Act (FAA) controls the enforcement of arbitration clauses. *Rent-A-Center, West, Inc. v. Jackson,* 561 U.S. 63, 67 (2010). It provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

Section 3 of the FAA "requires courts to stay litigation of arbitral claims pending arbitration of those claims 'in accordance with the terms of the agreement'; and § 4 requires courts to compel arbitration 'in accordance with the terms of the agreement' upon the motion of either party to the agreement (assuming that the 'making of the arbitration agreement or the failure . . . to perform the same' is not at issue)." *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 344 (2011).

Under the FAA, "[a] party seeking to compel arbitration has the burden . . . to show (1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc.,* 785 F.3d 1320, 1323 (9th Cir. 2015).

### A. *Arbitrability of the Claims*

"'[U]nlike the arbitrability of claims in general, whether the court or the arbitrator decides arbitrability is an issue for judicial determination unless the parties *clearly and unmistakably provide otherwise.*'" *Mohamed v. Uber Technologies, Inc.*, 848 F.3d 1201,

MEMORANDUM DECISION AND ORDER- 7

1208 (9th Cir. 2016) (emphasis in original) (quoting *Oracle Am., Inc. v. Myriad Grp. A.G.,* 724 F.3d 1069, 1072 (9th Cir. 2013) (internal quotations omitted)). "'In other words, there is a presumption that courts will decide which issues are arbitrable; the federal policy in favor of arbitration does not extend to deciding questions of arbitrability.'" *Mohamed,* 848 F.3d at 1208 (quoting *Oracle Am.,* 724 F.3d at 1072*); see also Goldman, Sachs & Co. v. City of Reno,* 747 F.3d 733, 738 (9th Cir. 2014). The role of the Court "'is strictly limited to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of the claim and any defenses to the arbitrator.'" *Chiron Corp. v. Ortho Diagnostic Systems, Inc.,* 207 F.3d 1126, 1131 (9th Cir. 2000) (quoting *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991)).

There is no evidence that the parties clearly and unmistakably provided for an arbitrator to determine arbitrability of the claims, therefore the Court will decide which claims are arbitrable. *See Goldman, Sachs & Co.*, 747 F.3d at 738. In determining what claims are arbitrable, the Court considers whether there is a valid arbitration agreement and whether the claims fall within the scope of that agreement. *See Chiron Corp.*, 207 F.3d at 1131.

B.   *Validity & Enforceability of the Arbitration Clause*

The Licensing Agreement contains the following language:

> Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, including any dispute relating to patent validity or infringement arising under this Agreement, shall be settled by arbitration. Such arbitration shall be conducted in New Jersey, in accordance with the rules then pertaining to the American Arbitration Association with a panel of three (3) arbitrators. The law of the state of New Jersey shall apply to

the arbitration proceedings. Judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.

(Dkt. 9-1.)

Walkwell argues the Court should not enforce the arbitration clause because it is unconscionable under Idaho law. (Dkt. 12.) DJO contends that Idaho law cannot preempt the FAA and the arbitration clause is not unconscionable when applying state contract law defenses. (Dkt. 14.)

While the Court applies federal law in determining whether an arbitration provision is enforceable, it can apply state law pursuant to section two of the FAA. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25 n. 32 (1983) and *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). Like other contracts, arbitration agreements "may be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability'" without contravening the FAA. *Rent-A-Center*, 561 U.S. at 68 (quoting *Casarotto*, 517 U.S. at 687).

It is well settled law that a Court may refuse to enforce a contract or contractual provision that is unconscionable. *See Lovey v. Regence BlueShield of Idaho,* 72 P.3d 877, 882 (Idaho 2003).[1] For the arbitration clause to be voided as unconscionable, it must be both procedurally and substantively unconscionable. *See Lovey,* 72 P.3d at 882. Procedural unconscionability relates to the bargaining process leading to the agreement while

---

[1] Both parties rely on Idaho law to determine whether the arbitration clause is enforceable. Because this issue is not in dispute, the Court also applies Idaho law noting, however, that there is no dispute between Idaho law and New Jersey law in this regard. *See Muhammad v. County bank of Rehoboth Beach, Delaware*, 912 A.2d 88, 96 (N.J. 2006.)

MEMORANDUM DECISION AND ORDER- 9

substantive unconscionability focuses upon the terms of the agreement itself. *See Lovey*, 72 P.3d at 882.

In this case, Walkwell has made no showing of procedural unconscionability. "Indicators of procedural unconscionability generally fall into two areas: lack of voluntariness and lack of knowledge." *Lovey,* 72 P.3d at 882. Nevertheless, Walkwell does not address voluntariness or knowledge. Further, the record is silent regarding contract formation and the negotiation of the Licensing Agreement.

Walkwell rests his unconscionability argument on an unsupported assertion that forced arbitration would be cost prohibitive. This argument alone is insufficient to establish either procedural or substantive unconscionability in this case. The United States Supreme Court has held that "the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating [its] federal statutory rights in the arbitral forum." *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 90 (2000). But in so holding, the Court also held that "where, as here, a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." *Green Tree*, 531 U.S. at 91 (citing *Gilmer v. Interstate/Johnson Lane Corp*., 500 U.S. 20, 26 (1991)). Walkwell's bare allegation without factual support does not rise to the level required to meet that burden.

Accordingly, the Court finds the arbitration clause is valid and enforceable.

### C. *The Arbitration Clause Encompasses All of Walkwell's Claims*

DJO contends that all of Walkwell's claims arise out of or are related to the Licensing Agreement. (Dkt. 9-1, 14.) The Court agrees.

The parties' arbitration clause is broad and far reaching. It requires "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach thereof, including any dispute relating to patent validity or infringement arising under this Agreement, shall be settled by arbitration." (Dkt. 9-1.)

The current dispute between the parties centers on Walkwell's allegations that J&J, and then DJO, had exclusive rights to manufacture and market its splint in return for royalties. (Dkt. 1-4, Ex. D, Complaint.) DJO has ceased making royalty payments but continued manufacturing and marketing of the splint. (Dkt. 1-4, Ex. D, Complaint.) As a result, Walkwell makes the following claims against DJO: trademark infringement under the Lanham Act and common law, patent infringement, and violations of the Idaho Consumer Protection Act.

The Court finds this dispute unquestionably arises out of the Licensing Agreement. DJO was granted the exclusive manufacturing and marketing rights to the splint under the terms of the Licensing Agreement. If DJO had not ceased making payments under the Licensing Agreement, none of Walkwell's claims would have arisen. Therefore, all of Walkwell's claims are encompassed by the arbitration clause.

In short, this Court finds that DJO has met its burden in establishing that the arbitration clause is valid and enforceable and all of Walkwell's claims are encompassed

by it. As such, Walkwell must arbitrate its claims against DJO in compliance with the arbitration clause within the Licensing Agreement.

**3.      Dismissal on the Basis of Choice of Law**

DJO argues Walkwell's claims brought under Idaho state law must be dismissed as the Licensing Agreement provides for the application of New Jersey law. (Dkt. 9-1, 14.) Finding that all of Walkwell's claims are subject to arbitration, the Court must leave the merits of the claim and defenses to the arbitrator. *See Chiron Corp.,* 207 F.3d at 1131. Thus, the Court denies DJO's Motion to Dismiss all Idaho state law claims.

**4.      Dismissal Pending Arbitration**

DJO requests the Court to dismiss these proceedings and compel Walkwell to arbitrate all of its claims against DJO. (Dkt. 9-1.)

"The FAA provides that district courts must stay pending proceedings on issues subject to arbitration until such arbitration has been had." *Tillman v. Tillman*, 825 F.3d 1069, 1075 (9th Cir. 2016) (citing 9 U.S.C. § 3); *see also E.E.O.C. v. Waffle House, Inc.,* 534 U.S. 279, 289 (2002) (citing 9 U.S.C. § § 3 and 4). The Ninth Circuit "ha[s] held that, notwithstanding the language of § 3, a district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's Inc.*, 755 F.3d 1072, 1073 (9th Cir. 2014). Dismissal is appropriate where "the arbitration clause [i]s broad enough to bar all of the plaintiff's claims [by] requir[ing] [the plaintiff] to submit all claims to arbitration." *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 638 (9th Cir. 1988).

The Court has found that the arbitration clause is broad enough to require Walkwell to submit all of his claims to arbitration. Therefore, the Court finds it is appropriate to dismiss the complaint rather than stay the proceedings.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Idaho State Law Claims and to Compel Arbitration (Dkt. 9) is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** to the extent the Court finds the parties are compelled to arbitrate their claims and the Complaint is dismissed without prejudice on this basis. The Motion is **DENIED** in all other respects.

DATED: November 15, 2017

Edward J. Lodge
United States District Judge